### Rush *v.* Truby, Administrator.

The obligee in a bond for the conveyance of real estate, is bound, in case of the death of the obligor, to accept a deed from his heirs, or from a commissioner appointed by the Court to convey for them.

Death does not destroy the mutuality of the contract; each party takes the chance as to which may die first; and if either die before the execution of the contract, it is to be executed, on his part, by his heirs.

There is no hardship in this. If the title be defective, it may be refused, either from the obligor or his heirs. ·

The personal covenant of the obligor does not, however, bind the heirs beyond the amount of the property they receive from the obligor's estate.

If the obligor make the deed, live a year afterwards, and then die insolvent, and afterwards the title fail, the grantee is without remedy.

And if the obligor die before the deed is made, and the heirs or a commissioner make it, and afterwards the title fail, *it seems*, that the heirs would be liable to refund the purchase-money with interest, to an amount equal to what they received from the obligor's estate.

APPEAL from the *Elkhart* Court of Common Pleas.

Perkins, J.—The question upon which the decision of this case turns, is, whether the obligee, in a bond for the conveyance of real estate, is bound, in case of the death of the obligor, to accept a deed from his heirs, or a commis-

sioner appointed by the Court to convey for them, and is liable to a judgment for specific performance. The question was left in doubt in *Mather* v. *Sherwood*, 8 Ind. R. 92, which see, and note thereto.

It seems that death does not destroy the mutuality of the contract; that each party to such contract takes the chance as to which may die first; and that when the death of either happens before the execution of the contract, it is to be executed on his part by his heirs. *Stoughtenburgh* v. *Tompkins*, 1 Stock. (N. J.) 332.—2 Hilliard on Vendors, p. 306. Nor does there seem to be any hardship in this. If the title can be shown to be defective, that is a sufficient reason for refusing to accept it, either from the obligor or his heirs. If it cannot be shown to be defective at the time the contract is to be performed, the obligee is bound to accept the title from the obligor if he be living. It is true, in such case, he obtains, in addition to such title as may be conveyed, the personal covenant of the obligor; but that covenant does not bind the heirs beyond the amount of property they may receive from the obligor's estate. If the obligor make the deed, live a year afterwards, and then die insolvent, and afterwards the title to the land conveyed by the deed, or supposed to be conveyed, fail, the obligee, now grantee, is remediless. And where the obligor dies before the deed is made, and it is executed afterwards by the heirs, or a commissioner for them, and the title afterwards fails, it is probable, though we do not here decide the point, that the heirs might be liable to refund the purchase-money and interest, to an amount equal to what they had received from the obligor's estate.

*Per Curiam.*—The judgment is affirmed with costs.

*J. A. Liston,* for the appellant.

*T. G. Harris, H. C. Newcomb, J. S. Harvey,* and *J. S. Tarkington,* for the appellee.